UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION 3:11-817 |
| VERSUS | JUDGE ROBERT G. JAMES |
| HENRY EDWARD DAVIDSON, ET AL | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Plaintiff United States of America's Motion for Summary Judgment. [Doc. No. 9]. Defendants Henry Edward Davison and Ernestine Bradley Davison (collectively "Defendants") also filed a Motion for Summary Judgment and Opposition to the Plaintiff's Motion for Summary Judgment. [Doc. No. 11]. The Magistrate Judge, however, struck these two filings from the record because Defendants did not address a notice of deficiency. [Doc. No. 18].

I.  BACKGROUND

This is a foreclosure action concerning a tract of farmland owned by Defendants and located in Richland Parish, Louisiana. The Government alleges that Defendants executed and delivered the following promissory notes to the Farmers' Home Administration ("FmHA"): Note 1, dated April 6, 1981, for $22,760 [Doc. No. 1-2]; Note 2, dated July 6, 1990, for $28,271.95, which reinscribed the April 6, 1981 note [Doc. No. 1-3]; Note 3, dated December 24, 1980, for $99,000 [Doc. No. 1-4]; Note 4, dated July 6, 1990, for $122,923.79, which reinscribed the December 24, 1980 note [Doc. No. 1-5].

To secure payment and reschedules of Note 1, Defendants executed a mortgage dated April 6, 1981 (Mortgage 1), covering Tract 1 and Tract 2, which are fully described in the

mortgage document. [Doc. No. 1-6]. To secure payment and reschedules of Note 2, Defendants executed another mortgage dated December 24, 1980 (Mortgage 2), also covering Tract 1 and Tract 2, which are fully described in the mortgage document. [Doc. No. 1-8].

Mortgage 1 was reinscribed on August 8, 1988. [Doc. No. 1-7]. Mortgage 2 was reinscribed on July 11, 1990. [Doc. No. 1-9].

As a result of Defendants' default, the Government accelerated payment of the notes and notified Defendants in a letter dated January 5, 1996. Since that time, Tract 1 has been sold and released. Therefore, this *in rem* action proceeds only against Tract 2. As of May 12, 2011, the Government claims that Defendants owe $28,271.95 of principle and $27,198.26 of interest on Note 1 and Note 2. As of the same date, the Government claims Defendants owed $83,152.93 of principal and $131,246.48 of interest on Note 3 and Note 4. [Doc. No. 9-2, p. 3]. The Government alleges that interest has accrued on the notes after May 12, 2011, at a rate of $23.4195 per day. [Doc. No. 9-2, p. 4].

The Government filed this action on June 1, 2011, seeking to recover against Defendants *in rem* only for the amounts due under the notes, any accrued interest, and all costs of this action. The Government requests that Tract 2 be sold without appraisal at a public auction and that the amount realized out of the sale be credited *pro tanto* upon the amount of the judgment. In support, the Government submits copies of each mortgage and note, all of which are signed by Defendants. The Government also submits the affidavit of Willie Cooper, the Louisiana State Director of the Farm Service Agency, the successor to FmHA. [Doc. No. 9-2]. Cooper's declaration substantiates each of the Government's allegations.

Defendants filed an Answer and Counterclaim [Doc. No. 3] to the Government's

Complaint on August 28, 2011. In their Answer, Defendants argue that the statute of limitations has run on the Government's claim. Defendants also allege that the Government promised to release the property at issue in this suit under the terms of a prior agreement. Finally, Defendants assert a counterclaim against the Government alleging that a representative from the Government "conspired with others to deprive [Defendants] of their land by using the powers of his office to represent to [Defendants] that he had the power to and would forgive, write off, deduct and subtract all of [Defendants'] debt if they sold their land to the party that [the Government] wanted them to sell it to." [Doc. No. 3, p. 5].

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

III.    **LAW & ANALYSIS**

To recover on a promissory note, the Government must show "(1) the defendant signed it, (2) the Government is the present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). Where the Government produces sufficient evidence to satisfy its summary judgment burden, the burden shifts to the defendant to "'set forth specific facts showing there is a genuine issue for trial,' not just to 'rest upon the mere allegations or denials of the adverse party's pleading.'" *Id.* (quoting *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992)). Here, the Court finds that the Government has put forward evidence sufficient to demonstrate each of these elements. Therefore, the Court must grant summary judgment unless Defendants demonstrate a genuine issue of fact for trial.

    A.    **Statute of Limitations**

Defendants argue that "it has been over 15 years since the defendant made any voluntary payment to the plaintiff. Defendant therefore pleads that the statute of limitations has run and that debts may not be legally collected." [Doc. No. 3, p. 4].

Statute of limitations is an affirmative defense on which the pleading party bears the burden of proof. *F. T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004) (citing FED.R.CIV. P. 8(c)). Hence, the burden is on Defendants to show that they are entitled to judgment as a matter of law based on the untimeliness of the Government's claim. *United States v. Ret. Serv. Grp.*, 302 F.3d 425, 430 (5th Cir. 2002). Since Defendants did not respond to the

Government's Motion for Summary Judgment, the Court has only the two sentences from Defendants' Answer in which they assert the statute of limitations defense.

"Under a nationwide federal loan program like that of [the] FmHA, it is settled that federal law ultimately controls the Government's rights and responsibilities." *Farmers Home Admin. v. Muirhead*, 42 F.3d 964, 965 (5th Cir.1995) (citing *United States v. Kimbell Foods Inc.*, 440 U.S. 715 (1979)). The United States and its agencies are not subject to a statute of limitations unless Congress has provided otherwise. *See Muirhead*, 42 F.3d at 967 (noting there is an "unwavering federal rule exempting the federal Government from statutes of limitations other than those enacted by Congress.").

In the case of FmHA loans, Congress has imposed two statutes of limitations, 28 U.S.C. § 2415 and 31 U.S.C. § 3716. *See Lewis v. United States Dept. of Agric./Farm Serv. Agency*, 245 Fed. Appx. 330, 332 (5th Cir. 2007). Under § 2415, actions for money damages brought by the Government "shall be barred unless the complaint is filed within six years after the right of the action accrues . . . . The provisions of this section shall not prevent the United States . . . from collecting any claim of the United States by means of administrative offset, in accordance with section 3716 of Title 31." 28 U.S.C. § 2415(a) & (i) (2006). Section 3716 applies only to administrative offsets, an issue not presented in this Motion for Summary Judgment.

Nothing in § 2415 limits the period in which the Government may seek to establish title or gain rightful possession of real property. *Muirhead*, 42 F.3d at 967. Therefore, the Government may bring an *in rem* action virtually in perpetuity. *See id*. (noting the troubling consequences that follow from allowing the Government to foreclose on properties without a statute of limitations).

Here, the Government does not seek to recover against Defendants personally. Instead, the

Government brings this action *in rem*. Therefore, the Court finds the Government's *in rem* action is not barred by any statute of limitations.

      **B.     Release of Claims**

Defendants argue that "Tract 2 should have also been released as a result of an agreement between defendant and petitioner wherein petitioner gave up its rights to collect the stated debts in exchange for defendant selling [Tract 1] at a reduced rate." [Doc. No. 3, p. 1]. Defendants, however, offer no evidence or explanations to corroborate this allegation.[1]

Federal Rule of Civil Procedure Rule 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

FED. R. CIV. P. 56(e).

The Court finds that Defendants have not met their burden of establishing a genuine issue of fact regarding the Government's alleged release of its claim against Tract 2. The Government has offered numerous documents clearly establishing its interest in the property, and Defendants have not offered a single piece of evidence to corroborate this release and raise a genuine issue of material fact for trial. Therefore, the Government's Motion for Summary Judgment is GRANTED.

---

[1] Defendants offered some evidence to support these allegations in their Motion for Summary Judgment and Opposition to the Plaintiff's Motion for Summary Judgment. Since this document has been struck, the Court cannot recognize the evidence presented with this document.

C.     Counterclaim

In their Answer and Counterclaim, Defendants state that the Government's agent intentionally deprived them of their property. Therefore, Defendants request that the Government return their land or compensate them for the value of the land. Defendants do not provide a statutory cause of action for their counterclaim.

The Government argues that the Court does not have jurisdiction to hear Defendants' counterclaim. The Government emphasizes that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, does not waive the Government's sovereign immunity for torts of intentional misrepresentation. Defendants' only stated basis for the Court's jurisdiction is "Rule 13 of the Federal Rules of Civil Procedure [which provides] defendants may assert claims against petitioner." [Doc. No. 3, p. 4].

Rule 13 requires a defendant to "state as a counterclaim any claim that – at the time of its service – the [defendant] has against an opposing party . . ." if the claim arises out of the same set of facts and does not require adding another party over whom the Court cannot acquire jurisdiction. FED. R. CIV. P. 13(a). Rule 13(d), however, notes that Rule 13(a) does "not expand the right to assert a counterclaim – or to claim a credit – against the United States or a United States officer or agency." FED. R. CIV. P. 13(d). Therefore, the compulsory counterclaim requirement of Rule 13 does not provide the Court with jurisdiction over the Government.

 The doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987). As the Supreme Court has noted, "the United States, as sovereign, is

7

immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Therefore, unless Congress has waived the Government's sovereign immunity for Defendants' misrepresentation claim, this Court lacks jurisdiction to hear the counterclaim.

The Court finds that it does not have jurisdiction to consider Defendants' claims under the FTCA.[2] Defendants allege that the Government's agent fraudulently induced them to transfer title of their land. As the Government emphasizes in its Motion for Summary Judgment, such intentional torts of misrepresentation are explicitly excepted from the FTCA's waiver of sovereign immunity. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1032 (5th Cir. 2011) ("The FTCA's misrepresentation exception is broad: it bars any claim arising out of a misrepresentation—even if the conduct underlying the claim may also constitute a tort not barred by section 2680(h)."). Since this Court does not have jurisdiction over Defendants' counterclaim, the Government's Motion for Summary Judgment as to Defendants' counterclaim is GRANTED, and Defendants' counterclaim is DISMISSED WITHOUT PREJUDICE. FED. R. CIV. P. 12(b)(1).

---

[2]The Court notes that both the Tucker Act, 28 U.S.C. § 1491, and the Quiet Title Act, 28 U.S.C. § 2409a, may have provided jurisdiction for Defendants' counterclaim. Nonetheless, neither Defendants nor the Government raised or argued either statutory waiver of sovereign immunity in their Court filings.

### IV.     Conclusion

For the foregoing reasons, the Government's Motion for Summary Judgment [Doc. No. 9] is GRANTED, and Defendants' counterclaim [Doc. No. 3, p.p. 4-5] is DISMISSED WITHOUT PREJUDICE.

Further, it is ORDERED that the Government file a proposed judgment *in rem* within fourteen (14) days of the date of this Ruling.

MONROE, LOUISIANA this 15th day of December, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE