UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION 3:11-817 |
| VERSUS | JUDGE ROBERT G. JAMES |
| HENRY EDWARD DAVIDSON, ET AL | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court are Defendants Henry Edward Davison and Ernestine Bradley Davison's Motion for a New Trial [Doc. No. 23], Motion for Leave to File Amended Counterclaim [Doc. No. 27], and Second Motion for Summary Judgment [Doc. No. 31]. Plaintiff the United States of America ("The Government") filed a Memorandum in Opposition to Motion for a New Trial [Doc. No. 26], Memorandum in Opposition to First Motion to Amend [Doc. No. 29], and Memorandum in Opposition to Second Motion for Summary Judgment [Doc. No. 34]. For the following reasons, Defendants' Motion for a New Trial is DENIED, and the remaining motions are DENIED AS MOOT.

I.  BACKGROUND AND PROCEDURAL HISTORY

This is a foreclosure action concerning a tract of farmland ("Tract 2") owned by Defendants and located in Richland Parish, Louisiana. The Government filed a Complaint seeking a judgment *in rem* and to have Tract 2 sold because Defendants defaulted on payment on notes to the Farmers Home Administration ("FmHA"). The Complaint was properly supported by copies of the signed mortgages and notes and was verified by the declaration of Willie Cooper, the Louisiana State Director of the Farm Service Agency ("FSA"), the successor to FmHA. [Doc. No. 9-2]. Cooper's declaration substantiates each of the Government's allegations.

The Government filed a Motion for Summary Judgment on September 21, 2011. [Doc. No. 9]. Defendants also filed a Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment on October 5, 2011. [Doc. No. 11]. Defendants' motion did not include a certificate of service as required by Fed. Rule Civ. Pro. Rule 5(d). Although Defendants were notified to submit a corrected filing within 10 days or the motion could be stricken by the Court, Defendants did not correct this deficiency. [Doc. No. 13]. The Court issued an Order to Strike Motion for Summary Judgment on November 2, 2011. [Doc. No. 18].

The Court issued its Ruling [Doc. No. 21] granting the Government's Motion for Summary Judgment on December 15, 2011, without considering Defendants' stricken filings. The Court required the Government to submit a proposed judgment *in rem* concerning Defendants' property within 14 days of the date of the Ruling. The Government timely submitted a proposed judgment *in rem* on December 22, 2011. [Doc. No. 22]. The Court issued the Judgment *In Rem* on December 27, 2011. [Doc. No. 24].

That same day, December 27, 2011, Defendants filed the instant Motion for a New Trial. [Doc. No. 23]. On December 28, 2011, the Government filed its Memorandum in Opposition to Motion for New Trial. [Doc. No. 26]. On December 28, 2011, Defendants filed a Motion to Amend Complaint. [Doc. No. 27]. On December 29, 2011, Defendants filed a Second Motion for Summary Judgment. [Doc. No. 31]. On January 6, 2012, the Government filed an Opposition to Second Motion for Summary Judgment. [Doc. No. 34].

## II. LAW AND ANALYSIS

### A. Standard of Review

"When a case is decided dispositively without a trial in the district court, subsequent relief, even if entitled to a motion for new trial, is more properly construed as a request for reconsideration." *Robinson v. Ashley*, 2011 U.S. Dist. LEXIS 99711, *7 (E.D. La. 2011) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir. 1997)). If the motion is filed within 28 days of the judgment, the Fifth Circuit considers the motion to be a motion to alter or amend under Rule 59(e). *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

In this case, Defendants filed their Motion for a New Trial on December 27, 2011, which is twelve days after the December 15, 2011 judgment. Therefore, Defendants' Motion for a New Trial is properly construed as a motion to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used infrequently by the courts and only in specific circumstances. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "In order to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of the following factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Robinson*, 2011 U.S. Dist. LEXIS at * 9-10 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (other citations omitted)). A Rule 59(e) motion should not provide an opportunity for movants to rehash evidence, legal theories, or arguments that could have been raised before judgment. *Templet*, 367 F.3d at 478-79.

In determining whether to grant a Rule 59(e) request, the Fifth Circuit has indicated that district courts should balance the need for finality against the need to render equitable decisions based on all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). In striking this balance, the Fifth Circuit has instructed that courts should consider "(1) the reasons for the plaintiffs' default, (2) the importance of the evidence to the plaintiffs' case, (3) whether the evidence was available to plaintiffs before they responded to the summary judgment motion, and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened." *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994) (citing *Lavespere*, 910 F.2d at 174).

B.  **Analysis of Motion for a New Trial**

In their Motion for New Trial, Defendants argue that the Court should grant a new trial because the Court did not consider the evidence included in their stricken Motion for Summary Judgment, and if it had, a "different finding would have occurred." [Doc. No. 23-1, p. 1]. Defendants argue that the Court should excuse their failure to attach a certificate of service to their Motion for Summary Judgment because "the notice from the court clearly indicated that the plaintiff was served and that counsel was fully aware of all of the documents and evidence submitted with the Motion for Summary Judgment." [Doc. No. 23-1, p. 1]. Defendants argue further that they have not been afforded an opportunity to demonstrate how much they have already paid on the notes underlying this foreclosure action. Defendants claim they have already satisfied the notes and permitting the foreclosure to proceed would allow the Government to recover on the same debt twice.

In their Memorandum in Opposition to Motion for a New Trial, the Government argues that the Court should not grant Defendants' request because they have offered no explanation for

their failure to cure the deficiency. The Government also argues that Defendants have still failed to offer any credible evidence that they have satisfied the notes underlying the mortgage.

The Court finds that Defendants have not alleged that the evidence they rely on was previously unavailable. Nor have Defendants alleged a change in controlling law. Thus, Defendants could only prevail on their motion if the Court has committed a manifest error of fact in finding that Defendants have not satisfied the notes.

Defendants have also failed to meet this burden. Even if the Court were to consider the exhibits attached to Defendants' two summary judgment motions and Motion for a New Trial, such evidence would be insufficient to overcome the Government's Motion for Summary Judgment. The Government has demonstrated that the total principal and interest due on the two notes is in excess of $270,000. In their two motions for summary judgment, Defendants argue that they do not owe this sum for two reasons. First, Defendants argue that the Government promised to release the mortgage covering Tract 2 if the Defendants would sell a separate property ("Tract 1" )[1] to a specified buyer significantly below market value. In support, Defendants have submitted their joint affidavit, the second page of a title opinion, two checks made payable to Defendants, and an assignment of payment to First Republic Bank. None of these documents, however, demonstrate that the Government agreed to release the mortgage covering Tract 2. The title opinion states that, pursuant to an upcoming sale of the "subject property," the mortgages under Note 1 and Note 3 will be cancelled "insofar as subject property is concerned." [Doc. No. 11-2, p. 2]. Importantly, the title opinion clearly indicates that the notes covered two distinct

---

[1] The details of this property and the sale are discussed at length in the Court's Ruling on the Government's Motion for Summary Judgment. [Doc. No. 20].

properties and the release applied to only one.  Since Defendants have only submitted the second page of the title opinion, the Court cannot determine which property was to be released from the mortgages.  The two checks appear to be payments associated with the sale of the same subject property.  Finally, the 1999 assignment of payment concerns a $90,960.32 payment to First Republic Bank.  [Doc. No. 11-2, p. 5].  Defendants, however, have not demonstrated why a payment to First Republic Bank would reduce the debt on the notes held by the Government.

Second, Defendants argue that the Government has already recouped part of the principal. In their Answer, Defendants claim the Government withheld various tax refunds and benefit payments due to Defendants between 1993 and 2009 that totaled $55,757.88.  In their first Motion for Summary Judgment, Defendants fail to offer any supporting documentation for the alleged withholdings.  Instead, Defendants rely on their affidavit, which states that the Government has withheld funds due to Defendants in the amount of $163,891.23.  In support of this claim, the affidavit references the assignment of payment of $90,960.32 to First Republic Bank.  [Doc. No. 11-2, p. 5].

In their Motion for New Trial, Defendants still fail to submit supporting documentation. In their Second Motion for Summary Judgment, Defendants assert that they have paid $287,992.96 to the Government on the notes and that interest due on the notes between 1984 and 1989 should be subtracted because Defendants took part in "programs which reduced the interest payments to zero" during that time.  [Doc. No. 31-1, p.1].  Defendants submit United States Department of Agriculture ("USDA") disbursement statements that appear to indicate FSA seized a number of Defendants' farm subsidy payments between 1993 and 2009.  Defendants, however, have offered no evidence establishing a connection between the disbursement statements and the

6

defaulted notes. *See United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975) (ruling that once the Government establishes a prima facie case in a foreclosure proceeding, the Government need not also demonstrate that every credit has been correctly applied to the notes underlying a mortgage).

Therefore, Defendants' Motion for New Trial is DENIED.

### C. Remaining Motions

Given the Court's ruling on Defendants' Motion for a New Trial, the remaining motions are DENIED AS MOOT.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for a New Trial [Doc. No. 23], construed as a motion to alter or amend judgment, is DENIED. Accordingly, Defendants' Motion to Amend Complaint [Doc. No. 27] and Second Motion for Summary Judgment [Doc. No. 31] are DENIED AS MOOT.

MONROE, LOUISIANA, this 23rd day of January, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE