UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

UNITED STATES OF AMERICA                   CIVIL ACTION 3:11-817

VERSUS                                     JUDGE ROBERT G. JAMES

HENRY EDWARD DAVISON, ET AL.               MAG. JUDGE KAREN L. HAYES

MEMORANDUM ORDER

On June 22, 2012, Defendants Henry and Ernestine Davison ("Defendants") filed a Notice of Appeal [Doc. No. 47] that requests a "suspensive appeal from the judgment rendered December 15, 2012, and Memorandum Order of May 23, 2012." [Doc. No. 47-2].

In their motion, Defendants do not cite to any authority for their motion under the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure.[1]  The most analogous rule to a suspensive appeal under the federal rules is Federal Rule of Appellate Procedure 8(a)(1)(A),[2] which provides for "a stay of the judgment or order of a district court pending appeal."

To be entitled to a stay pending appeal under Rule 8(a)(1)(A), Defendants must

---

[1]Although not used by the Federal Rules, a suspensive appeal is "an appeal that stays the execution of the underlying judgment."  Black's Law Dictionary 106 (8th ed. 2004).  The Louisiana Code of Civil Procedure provides for suspensive appeals.  *See* LA. CODE. CIV. PROC. art. 2123 ("Delay for taking suspensive appeal").  Procedural issues in federal courts, however, are governed by the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.  FED R. CIV. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . ."); FED R. APP. P. 1(a)(1)("These rules govern procedure in the United States courts of appeals.").

[2]Federal Rule of Civil Procedure 62(d) provides that an "appellant may obtain a stay by supersedeas bond . . . ."  The Fifth Circuit, however, has "restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment."  *Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (citations omitted).  Since the relief sought in this case was a non-money judgment, Rule 62(d) does not apply to this case.

demonstrate the "likelihood of [their] prevailing on the merits on appeal, that [they are] likely to

suffer irreparable injury from the denial of the stay, that the other parties will not be substantially

harmed by the grant of stay, and that granting the stay will serve the public interest." *Wildmon v.*

*Berwick Universal Pictures*, 983 F.3d 21, 23 (5th Cir. 1992) (citations omitted).

Here, Defendants have offered no arguments or evidence in support of their motion for

stay.  In the absence of arguments or evidence, Defendants have failed to demonstrate that they are

likely to prevail on appeal.  Therefore, to the extent that Defendants' Notice of Appeal is a motion

for stay,

IT IS ORDERED that the motion [Doc. No. 47] is DENIED.

MONROE, LOUISIANA, this 28th day of June, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE